**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10675** |
| **0.017 ACRES OF LAND, MORE OR LESS, SITUATED IN PARISH OF PLAQUEMINES STATE OF LOUISIANA, AND ESTATE OF OLEVER TURNER RILEY** | **SECTION: "B"(5)** |

**ORDER AND REASONS**

Considering the United States of America's ("USA") unopposed motion for determination of title and to determine just compensation for Tract 623E, the *in rem* described entity owned by the heirs to the estate in the captioned action (Rec. Doc. 23),

**IT IS ORDERED** that the USA's motion is **GRANTED**;

**IT IS FURTHER ORDERED** that prior to title vesting in the USA, ownership of the property was held by the persons listed in this Order and Reasons;

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 623E, payable by the USA to the defendants/claimants, is the total sum of **$2,000**;

**IT IS FURTHER ORDERED** that the USA will submit a proposed judgment consistent with this Order and Reasons within 21 days of the date of this Order and Reasons.

**BACKGROUND**

This matter is before the court on the USA's motion for determination of title and just compensation.

On May 24, 2019, the USA filed this action condemning 0.017 acres of land in Plaquemines Parish, Louisiana ("Tract 623E") for the public use of flood protection. Rec. Doc. 1. Thereafter, on May 31, 2019, the USA deposited $2,000 into the court's registry, at which time title vested in the USA. Rec. Docs. 5, 6.

The USA has identified the persons that may have an ownership interest in Tract 623E. The property was purchased by Olever Turner Riley by Act of Cash Sale in 1963. Mrs. Olever Turner Riley died intestate on May 17, 1985, her heirs have not been established by a judicial proceeding. *See* Interim Title Binder dated March 11, 2014 attached as Exhibit A to the subject motion (Rec. Doc. 23-2). Further, the heirs of Olever Turner Riley have not cooperated with the United States Army Corps of Engineers' efforts to have signed affidavits of death and heirship recorded in the Conveyance Records of Plaquemines Parish, Louisiana. *See* Negotiator's Report, attached as Exhibit B to the subject motion (Rec. Doc. 23-3), at pp. 27, 29-30. Thus, the USA determined that ownership of Tract 623E is held by the unopened Estate of Olever Turner Riley.

After recording the Notice of Lis Pendens with the Plaquemines Parish Clerk of Court, the USA obtained an updated title through the date of the Notice to ensure that all parties potentially holding an interest in Tract 623E had been named in this proceeding. *See* Interim Binder dated November 10, 2019 attached as Exhibit C to the subject motion (Rec. Doc. 23-4). The title contractor determined that no additional conveyances or inscriptions where recorded in the Plaquemines Parish Mortgage and Conveyance records. Thus, it was

unnecessary to add parties hereto. *Id.* None of the defendants/claimants have answered or otherwise appeared.

Prior to filing this civil action, the USA obtained a trial appraisal of Tract 623E that estimated the value of Tract 623E to be $600. *See* Summary Appraisal Report by Ronald Alexander attached as Exhibit D to the subject motion (Rec. Doc. 23-5).

On April 29, 2020, the USA filed the motion *sub judice* to determine title and just compensation. *See* Rec. Doc. 23. To assist the court in rendering a decision the USA filed two versions of the Department of the Army's Interim Binder on Owner's Title Guarantee (Insurance) Policy, and the Appraisal Report. *See* Exhibits A and C to the subject motion (Rec. Docs. 23-1, 23-4). These documents identify the ownership and value of Tract 623E.

On May 21, 2020, this court ordered the motion be submitted for hearing on the papers on June 24, 2020, because no defendant has appeared or answered. *See* Rec. Doc. 24. On July 7, 2020, this court granted the government's motion for leave to file proof of publication. *See* Rec. Docs. 25, 26. The proof of publication states that on three occasions in June 2020 in the Times-Picayune/The New Orleans Advocate an announcement that the court would determine ownership and just compensation issues relative to Tract 623E on June 24, 2018. *See* Rec. Doc. 25-1.

## ANALYSIS & REASONS

I. **Ownership of Tract 623E**

A federal court sitting in a condemnation case is authorized to determine who among the competing claimants held title to land

prior to its condemnation. *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950).  Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the district court "tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]."  Thus, this court has jurisdiction to determine whether a defendant/claimant has a compensable interest and is entitled to present evidence as to just compensation as to that issue.

    The USA has filed an *amicus curiae* memorandum regarding ownership issues and has identified the persons and estates that might have an ownership interest in Tract 623E, as outlined in the title examiner's review of the chain of title.  The USA shows that the Estate of Olever Turner Riley holds the sole ownership interests in Tract 623E.  None of the persons identified by the United States Army Corps of Engineers as purported heirs of Olever Turner Riley and given legal notice by the USA have filed either an appearance or an answer in these proceedings.  The USA published on three occasions in June 2020 in the Times-Picayune/The New Orleans Advocate an announcement that the court would determine ownership and just compensation issues relative to Tract 623E on June 24, 2020.  There being no challenge or additional evidence to consider with respect to ownership, this court is persuaded by the USA's submissions, which is based on a title examination and the title policy on Tract 623E.  Considering the evidence presented the court finds that, the Estate of Olever Turner Riley is the sole owner of a compensable interest in Tract 623E at the time of its taking, and

4

it is therefore entitled to just compensation for the public taking of Tract 623E.

**II.  Just Compensation**

In this case, there is no jury demand.  Thus, this court may make a determination of just compensation. Fed. R. Civ. P. 71.1(h). Pursuant to Rule 71.1(e)(3), "a defendant -- whether or not it has previously appeared or answered -- may present evidence on the amount of compensation to be paid and may share in the award."

Although the USA published notices in the newspaper, nobody has appeared to contest the USA's submission as to just compensation. Just compensation is the fair market value of the property on the date of its appropriation.  *Kirby Forest Indus., Inc. v. United States*, 104 S. Ct. 2187, 2194 (1984).  The USA has presented an appraisal of the property that states that just compensation in the amount of $600 is proper and appropriate.  *See* Summary Appraisal by Ronald Alexander attached as Exhibit D to the subject motion (Rec. Doc. 23-5) at pp. 9, 82.  No party has contested the USA's just compensation valuation or submitted an alternative estimate of just compensation. Although the trial appraisal estimated the tract's value to be $600, the USA deposited $2,000 in just compensation based upon an Offer to Sell which was accepted during negotiations with the purported landowners.  *See* Exhibit E attached to the subject motion (Rec. Doc. # 23-6).  The record supports a finding that $600 is the fair market value of Tract 623E.  However, there is a contractual obligation of the government to pay $2,000 for Tract 623E.  *Id.; see also* pp. 28-30 of Negotiator's Report, Exhibit B

(Rec. Doc. # 23-3).  Accordingly, this court finds that $2,000 constitutes just compensation for the taking of Tract 623E.

New Orleans, Louisiana this 7th day of August, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE